MONROE, C. J.
Relator sues for the possession of a girl child between two and three years of age of which he is'the father, and which defendant holds in her possession and refuses to surrender. It appears that he married a young woman whom defendant had reared, and of whom she speaks as her daughter, but more definitely as the daughter ■of her father’s sister, and who died in November, 1918, at a time when relator was employed by defendant and, with his wife and the child in question, then about two months old, was residing on her premises; and defendant’s story is that the mother upon her deathbed, and w-ith the “passive consent” of relator, confided the child to her care then and for the future, a trust that in her opinion she is eminently qualified to discharge, by reason of her experience in the rearing of children and as a nurse; that relator, on the •other hand has shown little interest in the child and has continually refused to contribute to its support, save upon one occasion when he gave $10; that he is an unfit person to be intrusted with the child for certain reasons which we do not find sufficient support in the evidence to justify their recapitulation in this opinion. The facts as we find them are that upon the death of his wife relator wished to take the child to his mother, and that then and on subsequent occasions defendant refused to surrender it; that he has contributed more to its support than defendant credits him with, and if his contributions have not been larger it has been because there was no apparent need; that, if at one time there existed the reasons assigned by defendant why the child should not be confided to his care, the evidence fails to show that those reasons still exist; that in 1919 he remarried, his present wife having been a school-teacher, and being the owner-of the residence occupied by them in New Orleans.; that he is a chauffeur and earns $20 a week; that they have no children, and are both willing, anxious, and able to take plaintiff’s child to their homo and rear it properly (all of these people being colored); that defendant’s estimate of her own qualifications as a rearer of children and nurse is seriously impaired by the following testimony given by herself, to wit; “Q. 1-Iow many children have you got? A. Fourteen, in the graveyard”- — and by the testimony of a prominent physician to the effect that she was engaged as nurse for one of his lady patients who had an ordinary case of measles, well broken out; that he left the patient at 9 o’clock in the morning with her temperature at 103, and, being summoned hurriedly at 3 o’clock, was shocked to find that she was dying; that she died within five minutes; that upon investigation it was found that she had taken four large glasses of the boiled-down juice, of some vine or flower prepared by defendant, which; he was positive, was the cause of her death. The trial judge at first adopted the view propounded by defendants learned counsel,- but on reconsideration concluded that the law and the evidence entitled .relator to the judgment prayed for by him, which he accordingly gave him. We find that judgment to be correct, and it is therefore-
Affirmed.